## COMMERCIAL MOTOR FREIGHT, Inc v UNEMPLOYMENT COMPENSATION COMMISSION

Common Pleas Court, Franklin Co

No 156,334. Decided April 11, 1939

Wilbur E. Benoy, Columbus and Walter B. Moore, Russell G. Saxby, for plaintiff.

Thomas J. Herbert, Attorney General, Columbus, and David M. Spriggs, John P. Walsh, for defendant.

### OPINION

By RANDALL, J.

This cause is presented to us on an agreed statement of facts and the arguments and briefs of counsel. We assume that the question raised by the demurrer filed by the attorney general before the issues were made up, questioning the right of the court to entertain this proceeding has been waived, since the attorney general in his brief states that the only question before the court for determination is whether or not plaintiff is required by law to pay the contributions imposed by the Ohio Unemployment Compensation Act on moneys paid by the plaintiff to its "independent contractors."

It will serve no useful purpose for us to set forth here a summary of the pleadings or of the agreed statement of facts since they are all a part of the record.

In our opinion the agreed statement of facts establishes beyond any question that the common law relationship of principal and independent contractor existed between the plaintiff and F. G. Smith, F. J. Seiple, T. M. White and E. E. Caudy, as well as the other haulers in its service who have contractual relations with plaintiff such as are set forth in the agreed statement of facts.

The plaintiff in its petition complains that the defendant has caused notice to be served upon it of an order requiring plaintiff to pay unemployment compensation taxes in the sum of $10,810.09 for the period covering the year 1937, which represents the alleged tax or contribution due to the commission on moneys in the aggregate sum of $385,563.42 paid by plaintiff to persons in its service as independent contractors who do hauling for the plaintiff company under the terms and conditions set forth in the agreed statement of facts.

Plaintiff further avers that the copy of the notice received by it on the 31st day of October, 1938, threatened that if it was not complied with within ten days the commission would determine and assess the amount due from plaintiff, including 8% interest and certify the same to the attorney general for collection with penalties provided in the act. The prayer of the petition is that this court order and decree determining and declaring the rights of the plaintiff and defendant in the premises "under the Uniform Declaratory Judgment Statute of this state."

It will be noted that the commission claims the right to impose the tax on the gross amount of disbursements made by plaintiff to its so-called independent contractors which includes the total compensation to the independent contractors not only for the personal service rendered by the independent contractors and others employed under him, but for the use of the trucks of the independent contractors as well.

Sec. 1345-4 (a) (1) of the act provides that,

"On and after December 21, 1936, contributions shall accrue and become payable by each employer for each calendar year in which he is subject to this act, with respect to wages payable for employment

(as defined in §1345-1) occurring during such calendar year, except that for the period beginning December 21, 1936, such contributions shall accrue and become payable with respect to wages payable for employment during such period beginning December 21, 1936. Such contributions shall become due and be paid by each employer to the commission for the fund in accordance with such regulations as the commission may prescribe, and, shall not be deducted, in whole or in part, from the remuneration of individuals in his employ."

Section (b) under general §1345-4 (3) provides:

"Each employer shall pay contributions equal to the following percentages of wages payable by him with respect to employment."

Sub-section (2) under subdivision (b) of §1345-4 provides:

"During the calendar year 1937, with respect to wages payable for employment during that period, an amount equal to one and eight-tenths per cent of such wages."

Sec. c of §1345-1 of the act provides as follows:

" 'Employment' means service, including service performed in interstate commerce, performed for remuneration under any contract of hire, written or oral, express or implied. The term 'employment' shall include an individual's entire service performed within or both within and without the state."

Sub-section (D) under Subdivision c of §1345-1 of the act provides:

"Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that — (i) such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact, and (ii) such service is outside the usual course of the business for which such service is performed, and (iii) such individual is customarily engaged in an independently established trade, occupation, profession, or business."

Paragraph f under section (9) of subsection (e) of §1345-1 provides as follows:

" 'Remuneration' means all compensation payable for personal services, including commissions and bonuses and the cash value of all compensation payable in any medium other than cash."

A casual reading of the above sections clearly indicates that the act did not contemplate that a contribution or tax be paid on remuneration except that ▪ paid for personal services or wages, and no fair construction of the above sections can lead to any other conclusion.

It is unnecessary to do more than to state our conclusions without bolstering them with argument in stating that amounts paid by plaintiff to its independent contractors representing the value of the use of their trucks and equipment and the necessary upkeep of the same are not remuneration for wages or personal service. Neither the pleadings nor the agreed statement of facts show that in the order made by the commission there was any attempt to allocate the respective amounts paid by the plaintiff for personal services and wages and for use of the trucks in question. The order apparently attempts to exact a contribution on the gross amount paid by plaintiff to the independent contractors.

Irrespective of the right of the commission to require contribution based upon the remuneration paid by plaintiff strictly allocable to personal service of the haulers and their employees, the order of the commission in our opinion is wholly illegal and contrary to both the spirit and the letter of the Unemployment Compensation Commission statutes.

It is argued by the defendant that even though the common law relationship of contractor and independent contractors exists between the plaintiff and its haulers that nevertheless the so-called independent contractors are to be considered as employees subject to the act because of the provisions of sub-section (D) of paragraph c of §1345-1 of the act. Since that section provides that services performed by an individual for remuneration shall be deemed to be employment subject to the act unless it is shown to the satisfaction of the commission that such service is outside the usual course of the business for which such service is performed, this section, in our opinion, does not support the defendant in attempting to require a contribution on the gross amount paid by plaintiff to its sub-con-

tractors since the services represented by the use of the trucks may not be regarded as remuneration within the meaning of that section as it is defined in paragraph f of paragraph (9) of Sub-section (E) of paragraph c of §1345-1, since remuneration is defined as compensation payable for personal services.

It is a well recognized principle of statutory construction that where there is an ambiguity such as exists in the apparently inconsistent provisions of Subdivision c of §1345-1 and paragraph (D) of subsection c, the court will construe the act so as to make its operation reasonable, just and constitutional. If the plaintiff carried on its business entirely with its own equipment of course no contribution could be required for the amounts representing the cost of the same and its upkeep. If the act be construed to impose a tax upon amounts paid to independent contractors, then the plaintiff would be denied the right to contract and would be denied the equal protection of the laws. Such a construction would put a penalty upon plaintiff if in the conduct of its business it required the service of independent contractors or haulers. However, in our opinion, the court is not called upon as the matter is presented to us to do anything but interpret the language of the act by the words employed therein in their ordinary and common usage.

Since the legality of the order as made is the only thing presented to us for consideration we do not find it necessary to determine whether or not a contribution might be required by plaintiff for the portion of the payment to independent contractors which represent wages or personal earnings of the independent contractors and their employees. However, it is interesting to note that since the act requires the commission to collect contributions from all employers on amounts which they expend as remuneration for personal service the anomalous situation would be presented where it would be the duty of the commission not only to collect a tax from the independent contractor but from his principal as well on the same personal service, if the provision of paragraph (D) of subdivision c of 1345-1 of the act requires a construction which includes independent contractors as employees subject to the act if the service they render is outside the usual course of the business for which such service is performed. However, it is our conclusion that that question is not at this time presented to us for determination.

A decree will be entered determining

that the order made by the commission with respect to the requirement of contribution by plaintiff on the basis of amounts paid to its haulers is illegal and void. Exceptions.